UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:15CR234 (AVC) |
| | : | |
| v. | : | |
| | : | |

MARK MALKOWSKI                  :          March 9, 2016

<u>THE GOVERNMENT'S SENTENCING MEMORANDUM</u>

On December 23, 2015, the defendant Mark Malkowski pled guilty to a single count of

failure to maintain firearms records in violation of 18 U.S.C. § 922(m), a misdemeanor.   Pursuant

to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed that a sentence of probation and a fine of

$100,000, the statutory maximum, is a reasonable and appropriate disposition, and sufficient but

not greater than necessary to achieve the purposes of sentencing as set forth in 18 U.S.C. §

3553(a).   Under Rule 11(c)(1)(C), if the Court accepts the plea agreement, the Court is bound to

impose the sentence agreed upon by the parties.   The Court is scheduled to sentence the defendant

on March 29, 2016.   For the reasons set forth below, the Government respectfully requests that

the Court impose the agreed-upon disposition as it is an appropriate sentence that comports with all

of the purposes of sentencing.

   1.   <u>The Offense Conduct</u>

The Amended Gun Control Act (GCA) of 1968 defines a firearm as "…any weapon

(including a starter gun) which will or is designed to or may be readily converted to expel a

projectile by the action of an explosive…[and]…the frame or receiver of any such weapon."   *See*

18 U.S.C § 921(a)(3)).    Under the GCA, it is required that firearms manufacturers identify each

firearm with a serial number.   *See* 18 U.S.C. § 923(i)).    It is also required that licensed

manufacturers record the serial number of each complete firearm manufactured or otherwise acquired not later than the seventh day following the date of manufacture/acquisition. *See* 27 CFR § 478.123(a). Furthermore, it is mandated that Federal Firearms Licensed Manufacturers maintain records of firearms manufacture, acquisition and disposition. *See* 18 U.S.C. § 922(m), 27 CFR § 478.123(a), 27 CFR § 478.123 (b)) and ATF Ruling 2012-1.

The National Firearms Act (NFA) defines a firearm in part as "….. (6) a *machine gun (see* 26 U.S.C. § 5856(a)). The term 'machine-gun' means any weapon which shoots, is designed to shoot, or can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single pull of the trigger. The term shall also include the frame or receiver of any such weapon. *See* 26 U.S.C. § 5845(b) and 18 U.S.C. Section 921(a)(3)). Under the NFA, it is also required that firearms manufacturers identify each firearm with a unique serial number. *See* 26 U.S.C. § 5842(a)). The National Firearms Act (NFA) applies only to certain firearms and weapons, including, but not limited to: machine guns, silencers, short-barreled rifles, and short-barreled shotguns. *See* 26 U.S.C. §5845. The NFA directs the ATF to maintain a registry of all NFA-regulated firearms and weapons in the United States which are not under the possession or control of the United States government. *See* 26 U.S.C. §5841. The NFA provides that it is unlawful for any person (or entity) to receive or possess any NFA-regulated firearm or weapon that is not registered to him or her (or it). *See* 26 U.S.C. §5861(d). Furthermore, before any NFA-regulated firearm or weapon is transferred from one person (or entity) to another, the transferor and transferee must complete an application form, the form must be approved by ATF, and the transferor must pay a transfer tax of $200. *See* 26 U.S.C. §§5811-5812. Any firearm or weapon in violation of the NFA is subject to seizure and forfeiture by the United States. *See* 26 U.S.C. § 5872.

In 2007, during a routine inspection conducted by ATF, Stag was cited for a number of regulatory violations, including thirty-six instances in which duplicate serial numbers had been placed on firearm frames/receivers, one hundred eighty-five instances in which records of manufacture of a firearms were not recorded within 7 days in the required logbook within 7 days of manufacture and 340 instances where transfer of a firearm to another party from Stag was not recorded in the A&D records within 7 days of transfer.  These violations did not result in any criminal prosecution.

In this matter, during the months of July and August of 2014, ATF Industry Operations Investigators (IOIs) performed another firearms compliance inspection on Stag at 515 John Downey Dr., New Britain, CT.  During the inspection that was conducted at this location on July 15, 2014, the inspectors found 62 machine guns onsite that were not registered to Stag in violation of the NFA.  Of these, 11 of the machine guns were registered to the Philippines in 2010. Another 25 machine guns were registered to another manufacturer, Ferfrans, in 2010.  Another one of the machine guns was registered to the Middletown Police Department in 2007 and was later determined to be a duplicated serial number of a machine gun that was found at the Middletown Police Department.  ATF's investigation revealed that the original firearm that was provided to Middletown Police Department in 2007 was in need of repairs.  Stag had taken it back, but rather than make repairs, took another machine gun from its inventory, duplicated the serial number and provided the duplicate to the Middletown Police Department without advising the police department.  Finally, an additional 25 un-serialized/un-registered machine gun receivers were found during the inspection as well.   The receiver is the key, regulated part that is considered a machine gun.  All other parts necessary to go from a receiver to a fully functional semi-automatic or fully automatic machine are available over the internet, which is precisely why

3

the receiver is so heavily regulated.   In short, Stag's possession of these 62 un-registered NFA machine guns is the basis of the felony for which Stag was convicted in the companion matter of *United States v. Stag Arms, LLC*, 3:15CR233 (AVC).

There were also numerous record-keeping violations that were uncovered during the 2014 inspection that were very similar to violations for which Stag was cited in 2007.   For example, on July 15, 2014, the inspectors discovered over 3000 un-serialized receivers on the premises without any record of their manufacture or acquisition.   This is a violation of 18 U.S.C. § 922(m) and is the basis of the charge set forth in the Information against Mark Malkowski to which he pled guilty.   Mark Malkowski, the owner of Stag Arms, is the "sole responsible person" for Stag Arms in connection with its federal firearms license.   As the sole responsible person, it was Mr. Malkowski's responsibility to ensure that Stag Arms complied with all federal firearms laws and regulations.   Given his knowledge of Stag Arms' violations in 2007, Mr. Malkowski was well aware of regulatory requirements and, by failing to take appropriate actions after the 2007 violations, Malkowski committed and aided and abetted the record-keeping violations found in July 2014.

In another instance, the inspection revealed that over 3000 firearms were transferred by Stag Arms without proper recordings in the A&D records. While the inspectors were able to reconcile the majority of these transfers from other paperwork on site with a great deal of effort, there were over 300 instances in which the disposition of the firearms could not be reconciled and, on July 23, 2014, 341 firearms were reported as theft/loss firearms.   Through subsequent efforts, that number was reduced further and, at this time, there remain 200 firearms unaccounted for and which constitute theft/loss firearms.

   2.   The Appropriate Sentence

4

Under 18 U.S.C. § 3553(a), the Court must consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as to "afford adequate deterrence to criminal conduct" by the public and "to protect the public from further crimes of the defendant." An appropriate sentence must also take into account "the history and characteristics of the defendant." *See* 18 U.S.C. §3553(a). The Government respectfully submits that a misdemeanor conviction, the defendant's divestiture from ownership of a business that he built, a lifetime ban from acting as a responsible person in connection with a federal firearms licensee, a maximum fine of $100,000 and a period of probation serve all the purposes of a criminal sentence.

Here, in light of its prior history of having been cited for regulatory violations in 2007, Stag's conduct, for which the defendant was responsible, was serious and is best characterized as a systemic and egregious disregard of federal firearms regulations. The defendant was responsible for this malfeasance. While this is the first time nationwide that a major firearms manufacturer has been subjected to a license revocation, thereby effectively forcing a sale of the business by the defendant, and also has been subjected to a felony conviction, the Government's hard line against Stag and Mr. Malkowski was necessary not only as just punishment for their continued illegal conduct after Stag had been previously cited but also as a deterrent message to those in positions of leadership in the firearms manufacturing industry that there must be strict compliance with firearms laws that are on the books and that violations will have serious consequences for the companies and their leaders. By properly marking and serializing firearms, accurately maintaining records in conformity with the Gun Control Act and registering firearms when required to do so under the National Firearms Act, gun manufacturers are the first line of defense in ensuring that firearms are traceable and do not fall into the wrong hands. Connecticut and

5

the New England region have one of the largest concentrations of major manufacturers in the country.    When federal firearms licensees ignore or disregard their responsibilities under the Gun Control Act and National Firearms Act, as was the case here, they put public safety at risk and will be held accountable.    In addition to its deterrent effect, the prosecution of Mr. Malkowski and the proposed disposition also promote respect for the law.    Following the initiation of criminal proceedings, Mr. Malkowski and Stag developed a comprehensive compliance program at a cost of over $200,000 and added a full time compliance professional to Stag's workforce.    Due its license revocation, on February 29, 2016, a sale of Stag was completed to an independent third party and Stag is now under new ownership, which applied for and was granted its own separate federal firearms license.    It is hoped that members of the firearms industry in New England and nationwide have taken notice of the convictions of Stag and Mr. Malkowski and the accompanying license revocation and, if not already doing so, will take steps to make sure their business is in full compliance with federal gun laws and regulations. Accordingly, the agreed-upon disposition serves as just punishment for the serious misconduct of Stag and Mr. Malkowski, sends a strong message of deterrence to the firearms industry as a whole and promotes respect for federal firearms laws and regulations.    Under new ownership, Stag continues to move forward as a going concern and its employees' livelihood has been preserved.    In short, the disposition here was measured but appropriately severe.

In summary, the Government urges the Court to accept the plea agreement and impose the maximum fine of $100,000 and a sentence of probation.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

/s/_____
S. DAVE VATTI, ct11957
ASSISTANT UNITED STATES ATTORNEY
Office of the U.S. Attorney
450 Main Street, Room 328
Hartford, CT 06103
860-947-1101

<u>CERTIFICATION</u>

I hereby certify that on March 9, 2016, the foregoing Sentencing Memorandum was filed electronically.   Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.   Parties may access this filing through the Court's system.

/s/_____
S. Dave Vatti
Assistant U.S. Attorney